**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:20-CR-00382-SDJ-BD |
| | § | |
| JACQUELINE DANEANE QUINN (26) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Jacqueline Daneane Quinn's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on October 29, 2026, to determine whether Defendant violated her supervised release. Defendant was represented by Mike Pannitto. The Government was represented by Steven Fawcett.

Defendant was sentenced on February 26, 2024, before The Honorable Sean D. Jordan of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Commit Wire Fraud, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 11 and a criminal history category of IV, was 18 to 24 months. Defendant was subsequently sentenced to 21 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, no new credit, substance abuse testing and treatment, mental health testing and treatment, $100 special assessment, and $7,394.78 in restitution. On July 23, 2025, Defendant completed her period of imprisonment and began service of the supervision term. On January 20, 2026, a Request for Modifying the Conditions or Term of Supervision with Consent of the Offender was signed and the conditions were modified to include participation in a cognitive behavioral treatment program and compliance with any court

order imposed that restricts, prohibits, or otherwise limits contact or communication with Maria Lynn Gonzalez.

On September 24, 2026, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #5088, Sealed). The Petition asserts that Defendant violated two (2) conditions of supervision, as follows: (1) Mandatory Condition Defendant must not commit another federal, state, or local crime; and (2) Mandatory Condition Defendant must not commit another federal, state, or local crime. (Dkt. #5088 at pp. 1–3, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On September 7, 2026, in Denton County, Texas, Defendant is alleged to have committed the felony offense of Assault Family/Household Member Previous Conviction If at Trial (IAT) in violation of Texas Penal Code § 22.01. On September 8, 2026, Defendant was released on a $5,000.00 surety bond. At the time of the writing of the Petition, no formal charges had been filed, and the matter remained pending in Denton County, Texas. According to an incident report from Little Elm, Texas Police Department, officers were dispatched to Defendant's residence in reference to a reported burglary in progress. It stated that an unidentified female had broken the front windows to Defendant's residence and had already left the location. Officers observed two of the windows broken from the outside. Defendant stated that her girlfriend, Raekia Brightman, had broken the window during an argument that took place before the police had been called. The officer attempted to ask Defendant about what led to the incident, but she became uncooperative and did not want to file criminal charges against Ms. Brightman. Officers spoke to Ms. Brightman, and she stated she had been dating Defendant since February of 2026. Ms. Brightman admitted she and Defendant were involved in a physical altercation earlier in the night. Also, they were involved in a verbal altercation earlier in the day at Little Elm Beach. Ms. Brightman stated she and Defendant had

consumed alcohol throughout the day, and stated Defendant was intoxicated and became aggressive without any provocation. Ms. Brightman stated Defendant punched her in her face twice with a closed fist, and bit her during the altercation. Photographs were taken of the injuries. Officers spoke to a witness that observed the incident, and the witness provided a statement consistent with Ms. Brightman's statement. The witness stated Defendant brandished a firearm in the residence. Specifically, the witness stated she saw Defendant enter a closet and pull out a firearm. The witness stated Defendant walked toward Ms. Brightman holding the firearm while shouting profanities. Ms. Brightman stated she did not see a firearm during the altercation, and she did not see Defendant carrying a firearm at any point. However, Ms. Brightman stated Defendant threatened to shoot her with a firearm. When asked if she knew anything about a firearm being involved during the altercation, Defendant denied knowing anything about a firearm being involved, denied having any firearms in the residence, and denied any assault taking place. A check of Defendant's criminal history showed a previous conviction for Assault Causes Bodily Injury Family Member on February 22, 2018. As such, Defendant was subsequently arrested for Assault Family/Household Member Previous Conviction If at Trial (IAT); and (2) On January 5, 2026, Defendant committed the offense of Assault Causing Bodily Injury to a Family Member in violation of Texas Penal Code § 22.01 in Ellis County, Texas. Defendant was released on bond, and, at the time of the writing of the Petition, this charge remained pending under Cause No. 2610774 in Ellis County Court at Law 3. A court date was scheduled for October 29, 2026. According to the offense report, Defendant was arrested after evidence existed that she assaulted her ex-girlfriend, Maria Gonzalez. Specifically, the victim had red marks and a fresh scratch on her neck. Although reluctant, the victim advised Defendant, her ex-girlfriend of two months, grabbed her clothing and necklace while preventing her from leaving the residence, pulling her

from the vehicle and causing neck injuries and a broken necklace. When questioned, Defendant denied a physical altercation. (Dkt. #5088 at pp. 1–3, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegation 2 in the Petition. Having considered the Petition and the plea of true to allegation 2, the court finds that Defendant did violate her conditions of supervised release.

The Government moved to dismiss allegation 1 in the Petition.

Defendant waived her right to allocute before the District Judge and her right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that she be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of eighteen (18) months to run consecutively to any state charges, with no term of supervised release to follow.

The court further recommends that the Government's motion to dismiss allegation 1 of the Petition be granted.

The court further recommends, and Defendant requested, alcohol and anger management counseling.

The court finally recommends that Defendant be housed in Federal Medical Center Carswell, a Bureau of Prisons facility in Fort Worth, Texas, if appropriate.

**SIGNED this 5th day of November, 2026.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE